IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HUEY OGLESBY**     **PLAINTIFF**

V.     **NO: 3:20CV110-M-RP**

**HARRY L. SMITH, TRINITY
TRANSPORT OF MACON, LLC, JOHN
DOES 1-3, AND XYZ CORPORATIONS
1-3**     **DEFENDANTS**

## ORDER

This cause comes before the Court on Defendants Harry L. Smith and Trinity Transport of Macon's ("Trinity") objections to the deposition of Dr. Peter Campbell [85]. Plaintiff has responded in opposition to these objections, and the Court having considered the submissions of the parties is prepared to rule.

### Factual Background

On January 6, 2017, plaintiff was a passenger in a pick-up truck on Highway 78 in Marshall County, Mississippi. Defendant Harry Smith was operating a tractor trailer owned by defendant Trinity and positioned behind plaintiff on the highway. Defendant Smith struck the vehicle occupied by plaintiff which caused plaintiff's vehicle to strike another vehicle located in front of the plaintiff's vehicle.

Defendants have admitted fault for the accident. However, the extent of the injuries suffered by plaintiff resulting from the accident is at issue. Plaintiff has a degenerative disk disease, which existed before the accident, and claims that the accident has aggravated/accelerated the degenerative disk disease which has now created the immediate need for a spinal fusion in his back.

**Discussion**

Defendants have objected to any testimony by Dr. Peter Campbell as to the future lumbar fusion surgery, including costs, on grounds that the surgery is not causally related to the January 6, 2017, accident. Defendants assert that Dr. Campbell testified the fusion surgery would be needed even if plaintiff did not have the automobile accident, and therefore the testimony that plaintiff needs the surgery and the cost of the surgery is not relevant to plaintiff's claims.

Plaintiff responds to this argument by stating that the accident aggravated a preexisting condition, which would allow recovery. Dr. Campbell testified that, in his opinion, the accident sped up the time frame for plaintiff needing rods and screws for his degenerative disk disease. Dr. Campbell further testifies that the time frame was sped up by "five or eight or ten years." Plaintiff argues that Mississippi allows recovery for aggravation of a preexisting condition.

"[I]f [defendant's] negligence caused any aggravation of any preexisting injury to [plaintiff], [defendant] bears the responsibility for the portion of the injury or the aggravation of the injury that he caused…." *Koger v. Adcock*, 25 So.3d 1105, 1110 (Miss. Ct. App. 2010). "When a previous injury or condition is aggravated, liability for damages will follow because of the aggravation, if fault is established." *Lewis Grocer Co. v. Williamson*, 436 So.2d 1378, 1381 (Miss. 1983).

Defendants' final argument is that there is no evidence that the automobile accident aggravated plaintiff's degenerative disk disease to cause the need for the lumbar fusion surgery. Defendants appear to claim that decreasing the time frame for a spinal fusion surgery by five to ten years, according to Dr. Campbell's opinion, does not constitute an aggravation since Dr. Campbell opined that the surgery would be needed eventually even without plaintiff being in an automobile accident.

The Court does not find the defendants' argument persuasive, as accelerating the need for a spinal fusion surgery by five to ten years would certainly constitute an aggravation of a preexisting condition. Dr. Campbell has also testified that he believes the accident aggravated some of plaintiff's underlying conditions, leading to the need for surgery now instead of years down the road. As to the defendants' claim there is no evidence to show that the automobile accident aggravated plaintiff's condition, the Court finds there is evidence to support the claim of aggravation of a preexisting condition from Dr. Campbell, who opines that the January 6, 2017, accident aggravated plaintiff's underlying condition and likely sped up the timeframe for plaintiff needing the lumbar fusion surgery. The Court further finds that the deposition sections related to the objections are relevant and would not be confusing or misleading to the jury as argued by the defendants.

## Conclusion

Having reviewed the objections and the response, along with the relevant authorities, it is therefore **ORDERED** that the Defendants' objections to the deposition of Dr. Peter Campbell [85] are **DENIED**.

**SO ORDERED**, this 26th day of January, 2022.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**